IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SAMMY BÁEZ-FIGUEROA,<br><br>Petitioner,<br><br>v.<br><br>SUPERINTENDENT, LAS CUCHARAS PENITENTIARY OF PONCE, PUERTO RICO,<br><br>Respondent. | CIV. NO.: 19-1316 (SCC) |

**OPINION AND ORDER**

Sammy Báez-Figueroa has filed a petition under 28 U.S.C. § 2241 seeking habeas relief from a Puerto Rico conviction. Docket No. 1. We take judicial notice that he has previously asked this Court—under 28 U.S.C. § 2254, the proper vehicle for such claims—to grant him habeas relief from the same Puerto Rico conviction. *See Báez-Figueroa v. Att'y Gen.*, No. 14-1600 (FAB), 2015 WL 5436910 (D.P.R. Sept. 15, 2015). Because the Court denied his first habeas petition on the merits, we conclude that the instant petition is "second or successive." And because the U.S. Court of Appeals for the First Circuit has not authorized us to consider his successive petition, we do not have jurisdiction to do so. We, therefore, dismiss Mr. Báez's petition without prejudice.

On August 8, 2014, Mr. Báez petitioned this Court under § 2254 for habeas relief from a Puerto Rico conviction. *Báez-Figueroa*, 2015 WL 5436910, at *1. Magistrate Judge Arenas's Report and Recommendation on the petition reached the merits of its claims and determined that they were meritless. *See id.* at *9–17 (considering the "substance of the issues raised by petitioner" and concluding that each of petitioner's claims was meritless). On September 15, 2015, Judge Besosa adopted Magistrate Judge Arenas's Report and Recommendation and denied Mr. Báez's habeas petition. *Id.* at *1. On April 5, 2019, Mr. Báez filed the petition in this case under § 2241—instead of § 2254—seeking habeas relief from the same conviction.

Regardless of which statutory label Mr. Báez attaches to his petition, he cannot escape the requirements of § 2254. *See Gonzalez-Fuentes v. Molina*, 607 F.3d 864, 875 n.9 (1st Cir. 2010) ("[P]risoners in state custody are required to comply with all the requirements laid out in § 2254 whenever they wish to challenge their custodial status, no matter what statutory label the prisoner uses."). One of these requirements is that a prisoner must seek an order from the appropriate court of appeals—here, the U.S. Court of Appeals for the First Circuit—authorizing the district court to consider a "second or successive" habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A). Without authorization from the First Circuit, we lack jurisdiction to entertain the successive habeas petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (stating that where a prisoner brings a second petition challenging the same state-

court judgment without seeking authorization from the court of appeals, the district court lacks jurisdiction to consider it).

The petition here is a successive habeas petition because it challenges the very same Puerto Rico conviction that Mr. Báez challenged in his first petition: an April 2011 Puerto Rico conviction, resulting in a sentence of 211 years in prison. *Compare* Docket No. 1, pg. 1, *with* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus at 1–2, *Báez-Figueroa v. Att'y Gen.*, No. 14-1600 (FAB), 2015 WL 5436910 (D.P.R. Sept. 15, 2015). A habeas petition is "second or successive," moreover, when the first habeas petition was adjudicated on the merits. *United States v. Barrett*, 178 F.3d 34, 47 n.7 (1st Cir. 1999); *see also Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (defining a "second or successive" habeas petition as one that is filed after a first petition was resolved by an adjudication on the merits). And, in the earlier case, Magistrate Judge Arenas's Report and Recommendation, which Judge Besosa adopted in full, *see Báez-Figueroa*, 2015 WL 5436910, at *1, considered Mr. Báez's petition on the merits and recommended denying it on those grounds. *See id.* at *9–17. The petition here, therefore, is a successive habeas petition.

It is of no moment that Mr. Báez's current petition raises new claims. There are circumstances under which successive habeas petitions may authorized because of such claims, *see* 28 U.S.C. § 2244(b)(2)(A)–(B), but in all circumstances the prisoner must first seek an order from the appropriate court of appeals authorizing the district court to consider the

petition. *Id.* § 2244(b)(3)(A). Because Mr. Báez did not seek an order from the U.S. Court of Appeals for the First Circuit authorizing this Court to consider his successive habeas petition, we lack jurisdiction to entertain it and, thus, dismiss it. *See Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997) ("A district court, faced with an unapproved second or successive habeas petition, must either dismiss it or transfer it to the appropriate court of appeals.").

We, accordingly, **DISMISS WITHOUT PREJUDICE** Mr. Báez's petition.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 25th day of January, 2021.

                S/ SILVIA CARREÑO-COLL
                UNITED STATES DISTRICT COURT JUDGE